UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MICAH GODFREY,

        Plaintiff,

    v.

TONY ROSS, CITY OF TULELAKE,
DAN SILVA, SISKIYOU COUNTY,
TRAVIS HALL, TERRY HARRIS,
LAURA BELLASALMA, UNITED
STATES OF AMERICA, ERIN MARTIN
and ROSS MARKET,

        Defendants.

_____/

NO. CIV. 2:11-2308 WBS EFB

MEMORANDUM AND ORDER RE:
MOTIONS TO DISMISS AND STRIKE
COMPLAINT

----oo0oo----

        Plaintiff Micah Godfrey brought this action against defendants Tony Ross, City of Tulelake (the "City"), Dan Silva, Siskiyou County (the "County"), Travis Hall, Terry Harris, Laura Bellasalma, United States of America, Erin Martin, and Ross Market arising out of defendants' allegedly wrongful violation of plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. Presently before the court are the County's motion to dismiss the

1

1  Complaint pursuant to Federal Rule of Civil Procedure 12(b),

2  (Docket No. 7), and Ross and the City's joint motion to dismiss

3  the Complaint pursuant to Rule 12(b), to strike portions of the

4  Complaint pursuant to Rule 12(f), and for a more definitive

5  statement pursuant to Rule 12(e), (Docket No. 17).

6  I.   <u>Factual and Procedural Background</u>

7        On January 21, 2010, plaintiff alleges that he was

8  shopping at Jock's Market when Martin pulled a gun on him.

9  Plaintiff alleges that Martin was angry at him for not shopping

10  at the grocery store owned by Ross, Martin's step-father, and

11  because plaintiff is bisexual, part Native-American, and bipolar.

12  (Compl. ¶¶ 29, 30.)

13        On March 11, 2010, plaintiff was arrested at the Lava

14  Beds National Park on gun charges. (<u>Id.</u> ¶ 37.) Plaintiff was

15  subsequently taken to the Tulelake City jail. (<u>Id.</u>)

16        Plaintiff alleges that while he was held in jail,

17  defendants committed rape, sodomy, sexual assault, assault, and

18  battery against plaintiff. (<u>Id.</u> ¶¶ 38, 45, 104.) Plaintiff

19  further alleges that Silva zapped him with a Taser at least 15

20  times, (<u>id.</u> ¶ 41), and repeatedly punched, kicked, and hit him

21  with a baton (<u>Id.</u> ¶ 50). Plaintiff alleges that Ross was

22  motivated to harm him because of plaintiff's prior encounter with

23  Martin, Ross's step-daughter, and because he is bisexual, part

24  Native American, a user of medical marijuana, bipolar, and

25  watches television shows that are adverse to authority figures,

26  and that the other defendants knew of this motivation and "joined

27  in." (<u>Id.</u> ¶ 51.) Plaintiff claims that these actions were in

28  violation of his Fourth, Fifth, and Fourteenth Amendment rights.

2

1    (Id. ¶¶ 25, 26, 57, 58, 64, 66, 76.)

2         In December 2010, plaintiff submitted two petitions

3    pursuant to California Government Code section 911.4 to the

4    County of Siskiyou and City of Tulelake, asking to file an

5    untimely Notice of Claims.  (Id. ¶ 15; County's Mot. to Dismiss

6    at 6:25-27.)  The petitions were denied.  (Compl. ¶ 15.)  During

7    2011, pursuant to California Government Code section 946.6,

8    plaintiff filed a petition with the Siskiyou County Superior

9    Court for relief from the government claims notice requirements

10   as to the County and City.  (Id. ¶ 17.)  The petition was denied.

11   (Id. ¶¶ 17-18.)

12        Plaintiff filed his Complaint in this case on August

13   30, 2011, alleging seven claims for relief.  The County, City,

14   and Ross are named in the third and fourth claims: a state law

15   tort claim of sexual assault, rape, sodomy, and battery; and a

16   state law tort claim of assault with a deadly weapon and hands

17   and feet.  (Id. ¶¶ 86, 92.)  Ross is also named in the first

18   claim for violations of the Federal Civil Rights Act, 42 U.S.C. §

19   1983.  (Id. ¶ 24.)

20   III. Discussion

21      A.   Motions to Dismiss

22        On a motion to dismiss, the court must accept the

23   allegations in the complaint as true and draw all reasonable

24   inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

25   U.S. 232, 236 (1974), overruled on other grounds by Davis v.

26   Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

27   (1972).  To survive a motion to dismiss, a plaintiff must plead

28   "only enough facts to state a claim to relief that is plausible

3

1   on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
2   (2007).  This "plausibility standard," however, "asks for more
3   than a sheer possibility that a defendant has acted unlawfully,"
4   Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949
5   (2009), and "[w]here a complaint pleads facts that are 'merely
6   consistent with' a defendant's liability, it 'stops short of the
7   line between possibility and plausibility of entitlement to
8   relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

9         If a person wishes to bring a cause of action for
10  damages against a public entity or its employee under California
11  law, he or she must first file a claim with that public entity
12  pursuant to the California Tort Claims Act ("CTCA"), Cal. Gov't
13  Code §§ 810-978.8.  California courts have reasoned that the
14  purpose of the claim presentment requirements "is not to
15  establish a needless formality, but to permit the public entity
16  to avoid litigation by enabling it to conduct an early
17  investigation and consider the benefits of settling a claim."
18  Alliance Fin. v. City & Cnty. of San Francisco, 64 Cal. App. 4th
19  635, 647 (1st Dist. 1998).  The timely filing of a claim is an
20  essential element of the cause of action against a public entity.
21  State v. Superior Court, 32 Cal. 4th 1234, 1240-41 (2004); see
22  also Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969).  The
23  failure to do so bars the plaintiff from bringing a suit against
24  the public entity, Cal. Gov't Code § 945.4; State, 32 Cal. 4th at
25  1239, or its employee, Cal. Gov't Code § 950.2.

26        Under California Government Code section 911.2, a
27  plaintiff must file a claim for money or damages with the
28  relevant public entity within six months of the accrual of the

4

cause of action.  Cal. Gov't Code § 911.2.  Parties wishing to
file a claim after the six month deadline are permitted to
petition the public entity for leave to present a late claim
under section 911.4.  Id. § 911.4.  Where a party's application
for leave to present a late claim is denied or deemed denied
pursuant to section 911.6, the party may petition the court under
section 946.6 for relief from the requirements of section 945.4
to present a written claim to the public entity.  Id. § 946.6.
The petition must be made to a court that would be a competent
trial court on the cause of action to which the claim relates.
Id.  Compliance with section 946.6 is mandatory unless excused on
the basis of equitable estoppel.  McLaughlin v. Superior Court,
29 Cal. App. 3d 35, 38 (1st Dist. 1972) (holding that defendants
were estopped from asserting plaintiff's non-compliance with
section 946.6 because defendants misled plaintiff as to the
procedural and time requirements of the claims statute).

It is undisputed that plaintiff's causes of action
against defendants accrued on March 11, 2010.  Under section
911.2, plaintiff was required to file claims with the County and
City within six months of March 11, 2010.  By filing petitions
under section 911.4 in December 2010, (Compl. ¶ 15), plaintiff
implicitly admits that he failed to comply with the CTCA's timely
filing requirement.  Judicial relief pursuant to section 946.6
was plaintiff's only available method of compliance.  See
Hernandez v. McClanahan, 996 F. Supp. 975, 979 (N.D. Cal. 1998).
The state court denied plaintiff's petition to provide him with
such relief, and plaintiff failed to appeal the decision.
Therefore, plaintiff has failed to adequately plead his state

5

tort claims against the County, the City, and Ross, who as an
employee of the City is also covered by the CTCA, see Cal. Gov't
Code § 950.2.

    Plaintiff argues that the doctrine of equitable tolling
should be applied to excuse his untimely filed claims.  Under the
doctrine of res judicata, the court declines to address such
arguments as it would require the court to overrule the state
court's determination that the claim was not timely filed.  This
court must recognize and give effect to valid judgments rendered
by other courts in the United States, including state courts.
See U.S. Const. Art. IV, § 1; 28 U.S.C. § 1738.  Were this court
to permit plaintiff's state law tort claims to stand, it would be
in direct conflict with the Siskiyou County Superior Court's
denial of plaintiff's petition to present untimely claims and
would render meaningless the CTCA provisions requiring plaintiffs
to petition for leave to file untimely claims against state
entities.  Plaintiff has provided no justification or case law
for why this court should not treat the state court's decision as
final under res judicata for his state law claims.[1]

    Plaintiff further argues that he should be allowed to
pursue his claims against the County because he substantially
complied with the CTCA as the County and City had notice of his
claims.  (Opp'n to County's Mot. to Dismiss at 6:7-10; Opp'n to
Ross & City's Mot. to Dismiss at 8:12-13, 9:1-2.)  The courts

---

    [1]   Plaintiff's only response is that "there was no state
court decision as to the federal clasim [sic] asserted by
plaintiff."  (Opp'n to County's Mot. to Dismiss at 7:22-24.)
This is not responsive to whether the court is barred from re-
evaluating the state court's decision under res judicata.

6

1  have stated that the CTCA should not be applied to snare the

2  unwary, and have employed the test of substantial compliance

3  rather than strict compliance in deciding whether a plaintiff has

4  met the requirements of the CTCA.   See McMartin v. Cnty. of Los

5  Angeles, 202 Cal. App. 3d 848, 858 (2d Dist. 1988).   However, the

6  court is aware of no cases, nor has plaintiff cited cases, that

7  apply the substantial compliance test in the context of a

8  plaintiff's rejected petition for relief from the requirements of

9  section 945.4 pursuant to section 946.6.   Rather, the cases that

10 have applied the substantial compliance test appear to deal with

11 whether a flawed or misaddressed claim was sufficient to apprise

12 the public entity of the claim and provide the entity an

13 opportunity to investigate and settle it.   See, e.g., Elias v.

14 San Bernadino Cnty. Flood Control Dist., 68 Cal. App. 3d 70, 75

15 (4th Dist. 1977).   Accordingly, the court will grant both the

16 County's and Ross and the City's motions to dismiss the state

17 tort claims.[2]

18      B.   Motions to Strike

19           Federal Rule of Civil Procedure 12(f) enables the court

20 to "strike from a pleading . . . any redundant, immaterial,

21 impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f).   A

22 motion to strike "should not be granted unless it is clear that

23 the matter to be striken could have no possible bearing on the

24 subject matter of the litigation."   Lilley v. Charren, 936 F.

25 

26       [2]    Plaintiff clarified that he did not name the County in
his federal claims.   (Opp'n to County's Mot. to Dismiss at 8:5-
27 8.)   Thus, the court does not reach the County's argument that
the court should not exercise supplemental jurisdiction over the
28 state law claims because the merit of the federal claims is not
presently before the court.

Supp. 708, 713 (N.D. Cal. 1996).

      1.   <u>Punitive Damages</u>

      Plaintiff concedes that punitive damages are not allowed against the City because it is a public entity. (Opp'n to Ross & City's Mot. to Dismiss at 14:11-13 (Docket No. 23).) Accordingly, the court will grant the City's motion to strike the request for punitive damages against the City.

      2.   <u>Section 1983 Liability Predicated on Violations of Criminal Statutes</u>

      Ross argues that the court should strike quotations from criminal statutes in the pleadings because they fail to provide a basis for plaintiff's claims under the Federal Civil Rights Act, 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his federally protected rights by violating the following federal criminal statutes: 18 U.S.C. § 242 (deprivation of rights under color of law); 18 U.S.C. § 241 (conspiracy against rights); and 18 U.S.C. § 249 (the Matthew Shepard and James Byrd Hate Crimes Prevention Act). (Compl. ¶ 59.) Plaintiff appears to be alleging that violations of the federal criminal statutes constitute a cause of action under the Federal Civil Rights Act.

      In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983. While § 1983 is not itself a source of

substantive rights, it provides a cause of action against any
person who, under color of state law, deprives an individual of
federal constitutional rights or limited federal statutory
rights.  42 U.S.C. § 1983; <u>Graham v. Connor</u>, 490 U.S. 386, 393–94
(1989).

The Supreme Court has held that in order to provide a
basis for private enforcement under § 1983, a statute must
"unambiguously confer" an individually enforceable right.
<u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 283 (2002).  ("We now reject
the notion that our cases permit anything short of an
unambiguously conferred right to support a cause of action
brought under § 1983.").  "[W]here the text and structure of a
statute provide no indication that Congress intends to create new
individual rights, there is no basis for a private suit, whether
under § 1983 or under an implied right of action."  <u>Id.</u> at 286.

Plaintiff cites <u>American Manufacturers Insurance Co. v.</u>
<u>Sullivan</u>, 526 U.S. 40 (1999), and <u>Rosales v. City of Los Angeles</u>,
82 Cal. App. 4th 419 (2d Dist. 2000), to support his contention
that claims under § 1983 may be predicated upon violations of
federal statutes.  (Opp'n to Ross & City's Mot. to Dismiss at
13:3-5.)  Neither of those cases, however, addresses whether the
three criminal statues that plaintiff relies upon specifically
support causes of action under § 1983.

If violations of criminal statutes were permitted as a
matter of courst to serve as causes of action under § 1983,
plaintiffs would essentially be prosecuting criminal charges
within the confines of civil trials.  This would present a number
of procedural problems for the court, such as the determination

9

of the appropriate standard of proof, whether the defendant would
be entitled to representation to contest the criminal charges,
and the appropriate number of jurors required to hear a civil
case that includes criminal charges.

The Ninth Circuit has held that federal criminal
statutes such as § 241 and § 242 do not give rise to a civil
cause of action.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th
Cir. 1980).  Although the absence of a private cause of action
was held by the Supreme Court to not be dispositive of whether
violation of a federal statute establishes a § 1983 claim,
Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453
U.S. 1, 13 (1981), the Supreme Court has since clarified that
"[a] court's role in discerning whether personal rights exist in
the § 1983 context should therefore not differ from its role in
discerning whether personal rights exist in the implied right of
action context."  Gonzaga Univ., 536 U.S. at 287.  Thus,
plaintiff's claims under § 241 and § 242 are insufficient to
establish his § 1983 claim.

Plaintiff has also failed to cite, and the court is
unable to locate, any authority supporting his claim that the
Hate Crimes Prevention Act confers a cause of action under §
1983.  The only penalty for a violation of the statute is a
criminal penalty and no reference is made to prosecution by
private parties.  See 18 U.S.C. § 249.  Thus, a reading of the
Hate Crimes Prevention Act indicates that the statute's language
fails to "unambiguously confer," Gonzaga Univ., 536 U.S. at 283,
a private right of action upon individuals to prosecute
violations in civil trials.

The Ninth Circuit has not specifically addressed whether the Hate Crimes Prevention Act provides a private right of action; however, other courts have held that the Act, as a criminal statute, does not give rise to a private right of action.  See, e.g., Benitez v. Rumage, No. C-11-208, 2011 WL 3236199, at *1 (S.D. Tex. July 27, 2011); Wolfe v. Beard, Civil Action No. 10-2566, 2011 WL 601632, at *3 (E.D. Pa. Feb. 15, 2011);  Lorenz v. Managing Dir., St. Luke's Hosp., No. 09 Civ 8898, 2010 WL 4922267, at *8 (S.D.N.Y. Nov. 5, 2010); Lee v. Lewis, No. 2:10-CV-55-F, 2010 WL 5125327, at *2 (E.D.N.C. Oct. 28, 2010).  As the language of the statute and supporting caselaw indicate that there is no private right of action, an alleged violation of the Hate Crimes Act cannot constitute a cause of action under § 1983.  See Gonzaga Univ., 536 U.S. at 286. Accordingly, the court will grant Ross's motion to strike all references to federal criminal statutes in the pleadings.[3]

            3.  Eighth Amendment

The Complaint states that defendants violated plaintiff's Eighth Amendment rights.  (Compl. ¶ 75(a).)  As plaintiff was not a prisoner, but rather a pre-trial detainee, plaintiff concedes that references to the Eighth Amendment and his status as a "prisoner" are inappropriate and mistaken. (Opp'n to City and Ross's Mot. to Dismiss at 11:25-26.) Accordingly, the court will grant Ross's motion to strike all references to the Eighth Amendment and to plaintiff being a

_____

[3]     Plaintiff's § 1983 claim remains despite the court granting the motion to strike, as plaintiff separately pled a violation of § 1983 based on violations of his Fourth, Fifth, and Fourteenth Amendment rights.

1 "prisoner."

2   C.   <u>Ross and the City's Motion for a More Definitive</u>

3       <u>Statement</u>[4]

4       Under Rule 12(e), "[i]f a pleading . . . is so vague or

5 ambiguous that a party cannot reasonably be required to frame a

6 responsive pleading, the party may move for a more definite

7 statement." Fed. R. Civ. P. 12(e). Motions for a more definite

8 statement are generally disfavored, and are rarely granted given

9 the liberal pleading standards of Rule 8(a). <u>Sagan v. Apple</u>

10 <u>Computer, Inc.</u>, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

11 "Parties are expected to use discovery, not the pleadings, to

12 learn the specifics of the claims being asserted." <u>Id.</u>

13 Therefore, a motion for a more definite statement should not be

14 granted "unless the defendant literally cannot frame a responsive

15 pleading." <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1461 (C.D.

16 Cal. 1996).

17       1.   <u>Injunctive Relief</u>

18       Ross argues that plaintiff's request for injunctive

19 does not specify what type of equitable relief plaintiff

20 requests. Plaintiff alleges that "TONY ROSS still hates MICAH

21 GODFREY" and that "Plaintiff will suffer irreparable injury

22 unless injunctive relief is granted." (Compl. ¶ 78.) No further

23 specification of the type of injunctive relief requested is

24

25

26

_____

27     [4]   As all claims against the City have been dismissed, the
court only considers the motion for a more definitive statement
28 as it applies to Ross.

provided in the Complaint.[5]  This allegation fails to provide

defendants with an adequate basis from which to craft a response

to plaintiff's request for injunctive relief as the requested

injunctive relief could include a variety of different demands.

Accordingly, the court will grant Ross's motion for a more

definitive statement regarding plaintiff's claims for injunctive

relief.

2.   <u>Declaratory Relief</u>

Ross argues that plaintiff's request for declaratory

relief is vague and fails to alert Ross as to the basis for the

claims.  Plaintiff requests declaratory relief in the form of a

judgment stating that the defendants' conduct constitutes a

violation of the Federal Civil Rights Act, 18 U.S.C. § 242, 18

U.S.C. § 243,[6] the Hate Crimes Prevention Act, and the Eighth

Amendment.  As references to the federal criminal statutes and

the Eighth Amendment have already been struck from the Complaint,

the only remaining request is that the court declare that

defendants violated the Federal Civil Rights Act.  This request

is sufficiently clear as to provide defendants with an adequate

basis from which to craft a response.  Accordingly, the court

will deny Ross's motion for a more definitive statement regarding

plaintiff's request for declaratory relief.

---

[5]    Plaintiff's counsel conceded during oral arguments that
plaintiff's request for injunctive relief is moot because
plaintiff is unlikely to return to Tulelake.  If this is the
case, plaintiff should remove his request for injunctive relief
from the pleadings.

[6]    This is the only reference in the Complaint that the
court is aware of to the criminal statute 18 U.S.C. § 243.  It
appears that the plaintiff intended to include 18 U.S.C. § 241,
which he discusses elsewhere in the Complaint.

1            3.   <u>Fourth, Fifth, and Fourteenth Amendment Claims</u>

2            Ross contends that plaintiff does not meaningfully

3    differentiate between his Fourth, Fifth, and Fourteenth Amendment

4    claims.  (Ross & City's Mot. to Dismiss at 10:10-25.)   The

5    Complaint is not so unintelligible as to demand a more definite

6    statement.  Defendants have not demonstrated that they do not

7    understand plaintiff's claims or that they cannot frame a

8    responsive pleading.  The Complaint provides adequate basis for

9    defendants to craft a response, and additional details can be

10   obtained through discovery.  Accordingly, the court will deny

11   Ross's motion for a more definite statement regarding plaintiff's

12   Fourth, Fifth, and Fourteenth Amendment claims.

13           IT IS THEREFORE ORDERED that:

14           (1) the motions of defendants City of Tulelake,

15   Siskiyou County, and Ross Market to dismiss the state law tort

16   claims (claims three and four) be, and the same hereby are,

17   GRANTED;

18           (2) the motion of Siskiyou County to strike the state

19   law tort claims (claims three and four) be, and the same hereby

20   is, DENIED as moot;

21           (3) the motion of the City of Tulelake and Ross Market

22   to strike the request for punitive damages against the City and

23   references to federal criminal statutes and the Eighth Amendment

24   be, and the same hereby is, GRANTED; and

25           (4) the motion of the City of Tulelake and Ross Market

26   for a more definitive statement be, and the same hereby is,

27   GRANTED as to plaintiff's request for injunctive relief, and

28   DENIED as to plaintiff's request for declaratory relief and

14

1  plaintiff's Fourth, Fifth, and Fourteenth Amendment claims.

2           Plaintiff has twenty days from the date of this Order

3  to file an amended complaint, if he can do so consistent with

4  this Order.

5  DATED:  November 30, 2011

6

7  _____
   WILLIAM B. SHUBB

8  UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15