1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11                            ----oo0oo----

12   MICAH GODFREY,
                                    NO. CIV. 2:11-2308 WBS EFB
13           Plaintiff,

14        v.

15   TONY ROSS, CITY OF TULELAKE, DAN
     SILVA, SISKIYOU COUNTY, TRAVIS
16   HALL, TERRY HARRIS, LAURA
     BELLASALMA, UNITED STATES OF
17   AMERICA, ERIN MARTIN and ROSS
     MARKET,
18
             Defendants.
19   _____/

20

21                            ----oo0oo----

22             STATUS (PRETRIAL SCHEDULING) ORDER

23        After reviewing the parties' Joint Status Report, the

     court hereby vacates the Status (Pretrial Scheduling) Conference
24
     scheduled for December 12, 2011.
25
          I.   SERVICE OF PROCESS
26
          Plaintiff shall effect service upon any unserved
27
     defendant within thirty days of the file-stamped date of this
28

                                    1

order.  The failure to do so may result in the dismissal of the
action as against the then-unserved defendants.  Service upon Dan
Silva shall be conducted within thirty days of his return from
military leave.

Except as so provided, no further service is permitted
without leave of court, good cause having been shown under Fed.
R. Civ. P. 16(b).

## II.  JOINDER OF PARTIES/AMENDMENTS

Within thirty days of the file-stamped date of this
order, plaintiffs may amend their complaint to include the true
identity of "Erin Martin."  Defendants shall respond to the
amended complaint within 20 days of service thereof.

Except as so provided, no further joinder of parties or
amendments to pleadings is permitted except with leave of court,
good cause having been shown under Fed. R. Civ. P. 16(b).  See
Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.
1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon federal question
jurisdiction, 28 U.S.C. § 1331, jurisdiction pursuant to federal
civil rights claims, 28 U.S.C. § 1343, and supplemental
jurisdiction under 28 U.S.C. § 1367.  Venue is undisputed and is
hereby found to be proper.

## IV.  DISCOVERY

The parties shall serve the initial disclosures
required by Federal Rule of Civil Procedure 26(a)(1) by no later
than January 23, 2012.

The parties have agreed to complete non-expert

1  discovery by no later than December 12, 2012.  Plaintiff shall

2  disclose experts and produce reports in accordance with Federal

3  Rule of Civil Procedure 26(a)(2) by no later than January 2,

4  2013.  Defendants shall disclose experts and produce reports in

5  accordance with Federal Rule of Civil Procedure 26(a)(2) by no

6  later than February 4, 2013.  With regard to expert testimony

7  intended solely for rebuttal, those experts shall be disclosed

8  and reports produced in accordance with Federal Rule of Civil

9  Procedure 26(a)(2) on or before March 4, 2013.

10        All discovery, including depositions for preservation

11  of testimony, is left open, save and except that it shall be so

12  conducted as to be <u>completed</u> by April 15, 2013.  The word

13  "completed" means that all discovery shall have been conducted so

14  that all depositions have been taken and any disputes relevant to

15  discovery shall have been resolved by appropriate order if

16  necessary and, where discovery has been ordered, the order has

17  been obeyed.  All motions to compel discovery must be noticed on

18  the magistrate judge's calendar in accordance with the local

19  rules of this court and so that such motions may be heard (and

20  any resulting orders obeyed) not later than April 15, 2013.

21          V.   <u>MOTION HEARING SCHEDULE</u>

22        All motions, except motions for continuances, temporary

23  restraining orders, or other emergency applications, shall be

24  filed on or before June 10, 2013.  All motions shall be noticed

25  for the next available hearing date.  Counsel are cautioned to

26  refer to the local rules regarding the requirements for noticing

27  and opposing such motions on the court's regularly scheduled law

28  and motion calendar.

1        VI.   <u>FINAL PRETRIAL CONFERENCE</u>

2            The Final Pretrial Conference is set for August 19,

3   2013, at 2:00 p.m. in Courtroom No. 5.   The conference shall be

4   attended by at least one of the attorneys who will conduct the

5   trial for each of the parties and by any unrepresented parties.

6            Counsel for all parties are to be fully prepared for

7   trial at the time of the Pretrial Conference, with no matters

8   remaining to be accomplished except production of witnesses for

9   oral testimony.   Counsel shall file separate pretrial statements,

10  and are referred to Local Rules 281 and 282 relating to the

11  contents of and time for filing those statements.   In addition to

12  those subjects listed in Local Rule 281(b), the parties are to

13  provide the court with: (1) a plain, concise statement which

14  identifies every non-discovery motion which has been made to the

15  court, and its resolution; (2) a list of the remaining claims as

16  against each defendant; and (3) the estimated number of trial

17  days.

18           In providing the plain, concise statements of

19  undisputed facts and disputed factual issues contemplated by

20  Local Rule 281(b)(3)-(4), the parties shall emphasize the claims

21  that remain at issue, and any remaining affirmatively pled

22  defenses thereto.   If the case is to be tried to a jury, the

23  parties shall also prepare a succinct statement of the case,

24  which is appropriate for the court to read to the jury.

25       VII.  <u>TRIAL SETTING</u>

26           The jury trial is set for October 22, 2013, at 9:00

27  a.m.  Plaintiff requests a jury trial and estimates that the

28  trial will last ten court days.   Defendant Siskiyou County

4

estimates a jury trial will last six days.  The United States claims that plaintiff is not entitled to a jury trial on the claims brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2402.

## VIII. <u>SETTLEMENT CONFERENCE</u>

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

## IX. <u>MODIFICATIONS TO SCHEDULING ORDER</u>

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED: December 6, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE